CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 16 2010

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TROY MATTHEW JACKSON,<br>Plaintiff, | )<br>)<br>) | Civil Action No. 7:10cv00112 |
| v. | )<br>) | MEMORANDUM OPINION |
| "THE LAWYER THAT REPRESENTED ME<br>IN THIS MATTER IN THE WINCHESTER<br>CIRCUIT COURT,"<br>Defendant. | )<br>)<br>)<br>)<br>) | By: Samuel G. Wilson<br>United States District Judge |

Plaintiff Troy Matthew Jackson, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. Jackson has also requested to proceed in forma pauperis.

According to court records, Jackson has filed at least three actions in a court of the United States that were dismissed on the grounds that they were frivolous.[1] Therefore, Jackson may not proceed with this action unless he either pays the $350.00 filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

As Jackson has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury,"[2] the court dismisses his complaint without prejudice.

The Clerk is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to the plaintiff.

ENTER: This 16th day of March, 2010.

United States District Judge

---

[1] See Jackson v. Burgess, et al., Civil Action No. 2:03cv00514 (E.D. Va. July 28, 2003) (dismissed as frivolous); Jackson v. Sprid, Civil Action No. 7:02cv01235 (W.D. Va. Oct. 7, 2003) (dismissed as frivolous); Jackson v. CFW Adult Regional Detention Center, et al., Civil Action No. 7:03cv00160 (W.D. Va. Oct. 16, 2003) (dismissed as frivolous).

[2] Jackson alleges that the defendant, his unnamed defense counsel, has not come to jail to visit Jackson for over three months. The court finds that Jackson's allegation fails to demonstrate that he is under imminent danger of serious physical harm. Furthermore, his claim is frivolous because an attorney, whether retained, court-appointed, or a public defender, does not act under color of law, which is a jurisdictional prerequisite for any civil action brought under § 1983. See Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney); Hall v. Quillen, 631 F.2d 1154, 1155-56 & nn.2-3 (4th Cir. 1980) (court-appointed attorney); Polk County v. Dodson, 454 U.S. 312, 317-24 (1981) (public defender).